Judge Mills
delivered the opinion of the court.
This is an appeal from the judgment of a justice of the peace, rendered on a warrant for a debt due by account.—On motion of the appellee, the appeal was dismissed on the ground, that, altho? the appeal was prayed and granted within twenty days after the rendition of the judgment, before the justice of the peace; yet the appeal bond was not entered into before the clerk within that period. And the correctness of this decision is the main question now to be decided.
The act increasing the jurisdiction of justices of the peace, provides, “that in all cases tried and determined before a single justice, where the matter in controversy shall be above five pounds, either party shall have a right to appeal from the judgment of such justice to the circuit court of the county, in which the judgment shall have been given. Which appeal shall be docketted by the clerk of said court as other causes.”
The 5th section provides, “that on the granting of all *460 appeals from judgments of magistrates, for sums not exceeding five pounds, it shall be the duly of the magistrate, before whom the trial was had, to transmit all papers had before him on the trial to the clerk of the circuit to which the appeal is taken, at or before the court next succeeding the granting such appeal.”
In appeals from the judgments of justices, an appeal bond and security is indispensable; which must be executed within 20 days from praying the appeal, or the appeal be dismissed.
The 9th Section provides, “that an appeal may be taken from the judgment of any justice of the peace at any time within twenty days, after the time of granting the judgments, and at no time thereafter."
The last section declares, “that in cases of appeal to the circuit court, when the appellant executes bond with approved security, in the clerk’s office, it shall be the duty of the clerk to issue a supersedeas,” by which, proceedings shall be staid.
The 14th section directs “the party praying an appeal” to have a summons executed on the appellee. On the first blush, these clauses appear to contemplate the appeal to be only the prayer thereof before the justice of the peace, and that this must be done in twenty days; and that the party might then proceed to trial by issuing a summons without a supersedeas, if he chose; and that he might, or might not, at his election, enter into bond and obtain a supersedeas at any time before collection of the money, and alter the twenty days had expired. But a more minute consideration of the act has led the court to adopt a different construction; and, indeed, the sixth section constrains us to do so. That section enacts, “That the person praying an appeal shall, in the clerk’s office of the circuit court to which the appeal is returnable, enter into bond and security, to be approved by the clerk.” The expressions in this section are imperitive, and shew that bond and security is the sine qua non of an appeal, and must be given, or no appeal is complete. This is an act essentially composing a part of it, and it is not left in the election of the party to give or not give the bond at his election. If so, the bond and security must be given before the twenty days expire. The word appeal, then, wherever it occurs in the act, to make its meaning consistent with this section, must include within it the execution of the bond, with security. Consistent with this construction the expressions of the fourteenth and sixteenth sections may for understood The first is directory to the party to procure a summons for the purpose of giving notice to his adversary; and the last to the clerk, to *461 issue a supersedeas to stay proceedings. The chief difficulty in the last section arises from the expressions, “when the appellant executes bond with approved security," which would seem to imply that then, and then only, a supersedeas was to issue; but might be omitted in other case where no bond was given. But give the word, when, the meaning of the word after, and the difficulty will be removed. It may then read, that the clerk shall issue a supersedeas after, or, at the time immediately succeeding the execution of the bond with security. This is the period at which the clerk shall issue it, and this period is designated in the act by the word “when." In this sense every part of the act is made consistent. If this construction is correct, it follows that the bond with security must be given within the twenty days, and the party ought not to be allowed his appeal without it.
On appeals no advantage can be taken of irregularity before the justice.
The other errors assigned, question the sufficiency and validity of the warrant, because it has no day of appearance named in it, and does not designate specially the cause of action. It is drawn in the loose manner in which justices frequently act But the day of appearance being wanting, could not be taken advantage of, after an appeal, when the cause was to be heard as i if never heard before. In these cases great laxity must be allowed. It is a mode in which the pleadings must, in a great measure, be ore tenus. Besides, the afore recited act has provided, that no appeal shall be dismissed for any irregularity in the proceedings had before the magistrate; but the same shall be tried on its merits, “as though no trial had been previously had thereon.” To keep out of sight such exceptions as these, was evidently the design of this provision; and if the parties are subjected to surprise by a want of sufficient and accurate pleadings, it is not the fault of this court. These evils must be left to the remedy of a new trial in the court below, and to the authority which that court possesses by the words of the act, of making such order therein, as to its preparation for trial, as they may deem right and equitable. Wheneveran inferior court shall refuse to exercise this power to the injury of the litigants, it will then be time enough for this court to interfere. The decision, therefore, of the court below, must be affirmed with costs.